UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | | |
|---|---|---|
| TIMOTHY SHELL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | 5:15-CV-000037 |
| | ) | |
| TYSON FOODS, INC. | ) | Jury Trial Demanded |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Comes now the Plaintiff, and complaining of the Defendant, alleges and says:

## NATURE OF COMPLAINT

1. This is an action seeking damages against Defendant for violation of Plaintiff's rights protected by the Age Discrimination in Employment Act, 29 U.S.C. § 621, violation of the Family and Medical Leave Act of 1993, 29 USC § 2617 ("FMLA"), and wrongful discharge based on State Law.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff, Timothy Shell, approximate age 50 at the time of the incidents alleged herein, is a citizen and resident of Wilkes County, North Carolina.

3. Defendant, Tyson Foods, Inc., is a Domestic Corporation located in North Carolina and may be served with process through its registered agent, CT Corporation System, 150 Fayetteville Street, Box 1011, Raleigh, North Carolina, 27601.

1

4. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as there are issues of Federal Law.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 (c) as Defendant is subject to the personal jurisdiction of this Court and because many of the acts giving rise to this action occurred in this District.

## ALLEGATIONS

6. Timothy Shell, (hereinafter "Shell" or "Plaintiff") began working for Defendant on or about March 15, 1998 and was terminated on or about June 5, 2013.

7. Shell worked at Defendant's Wilkesboro, North Carolina location.

8. At all times pertinent hereto, Defendant employed fifty (50) or more persons within a seventy-five (75) mile radius of its Wilkesboro, North Carolina facility and was an employer as defined by 29 USC §2611(4).

9. Shell worked for Defendant as a Shift Production Manager at all times pertinent to this Complaint.

10. At all times pertinent hereto, Shell was an employee of Defendant within the meaning of 29 USC §2611(2).

11. Shell was qualified for the position of Shift Production Manager and was meeting Defendant's legitimate expectations at all times pertinent to this Complaint, receiving positive bi-annual reviews.

12. In or around February or March 2013, Defendant hired Michael Cox as Plant Manager, and Shell's direct supervisor.

13. In a meeting in Cox's office, on Cox's first day on the job as plant manager, Cox said to Shell and his fellow shift supervisor Tracey Barnes, "We need to get rid of the old bucks and get some younger bucks in here."

14. Soon after this meeting, Cox began a concerted effort to rid the Wilkesboro plant of older employees, replacing them with younger employees.

15. From April 29, 2013 until May 6, 2013, Shell took FMLA leave for a heart and lung condition that caused him difficulty in breathing.

16. On or about June 5, 2013, soon after Shell returned from FMLA leave, he was informed that his managerial style and performance were unacceptable, and that he was being placed on suspension for one week pending an investigation of an employee hotline complaint against him.

17. Following an investigation, Defendant subsequently terminated Shell.

18. Shell was given no documentation concerning the complaint that led to his termination.

19. Upon information and belief, similarly situated employees who were substantially younger than Shell were not subjected to unwarranted discipline, changes to their jobs, or termination.

20. Upon information and belief, Shell was replaced by a substantially younger employee named Nick, who was in his 30's.

21. After Shell's termination, Cox's efforts to replace older workers with younger ones intensified.

22. Plaintiff alleges that Defendant engaged in a pattern or practice of pattern of discrimination against older employees, and replacing them with substantially younger workers.

23. Upon information and belief, after Shell was terminated, second shift Evisceration Department head Buddy Sexton, approximately 60 years old at the time, was demoted to shift

3

supervisor, and later fired by Cox. Sexton was replaced by Michael Bailey, who was about 30 years old at the time.

24. Upon information and belief, after Shell was terminated, shift supervisor Steve Allen, approximately 58 years old, was demoted by Cox to a line job, and due to his age, the physical demands of line work forced him to resign. Allen was replaced by a substantially younger employee.

25. Upon information and belief, in or about March 2014, Safety Manager Peggy Reynolds, approximately 59 years old, was asked to retire by Cox. When she refused to retire, Defendant began issuing Reynolds numerous written warnings, forcing her to eventually retire.

26. Upon information and belief, Reynolds was replaced by an employee in her 30's.

27. On or about November 16, 2013, Shell filed a charge of Age Discrimination and Retaliation against Defendant with the United States Equal Employment Opportunity Commission ("EEOC"). (A copy of that charge, with personal information redacted, is attached hereto as Exhibit A.)

28. On or about December 9, 2014, the EEOC issued a Notice of Right to Sue (A copy of that charge, with personal information redacted, is attached hereto as Exhibit B.)

29. This lawsuit is filed within ninety (90) days of the date of the Notice of Right to Sue.

**FIRST CLAIM FOR RELIEF**
**(ADEA, 29 U.S.C. § 621 et. seq.)**

30. Plaintiff incorporates by reference the allegations of paragraph 1 through 29 of the complaint.

31. Defendant's treatment of Shell, including his termination was due to Shell's age, approximately 50 years old at the time.

4

32. Defendant's treatment of Plaintiff including the termination due to his age violated the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. § 621 *et. seq.*

33. Defendant's termination of Plaintiff in violation of the ADEA caused Plaintiff's injuries including but not limited to lost wages, salary and benefits.

34. Defendant's action in terminating Plaintiff was willful and damages awarded for such willful conduct should be doubled.

35. Beginning with Shell, Defendant engaged in a willful policy, pattern, or practice of terminating older employees, or forcing them to resign, and replacing them with substantially younger workers.

36. Therefore, Plaintiff sues Defendant for his termination violation of the ADEA, 29 U.S.C. § 621 et. seq.

## SECOND CLAIM FOR RELIEF

**(Violation of the Family and Medical Leave Act, 29 U.S.C. § 2601 *et. seq*.)**

37. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 29 of this complaint.

38. Defendant was aware of its responsibilities under FMLA and that Plaintiff's absences should be covered by FMLA.

39. Defendant suspended and terminated Plaintiff soon after returning from FMLA leave, in violation of the FMLA, and has caused damages to Plaintiff including but not limited to losses in wages, salary and employment benefits.

40. Plaintiff's suspension and firing soon after returning from FMLA leave created a nexus between Plaintiff's FMLA leave and Defendant's adverse actions.

41. Defendant's violation of the FMLA was willful, intentional and in reckless disregard for Plaintiff legally protected rights such as to justify the imposition of liquidated damages.

42. Therefore, Plaintiff sues Defendant pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601 *et. seq*.

**THIRD CLAIM FOR RELIEF**
**(Wrongful Discharge)**

43. Plaintiff incorporates by reference the allegations of paragraphs 1 through 29 of the complaint.

44. The public policy of the State of North Carolina as set forth in N.C.G.S. 143-422.1 *et. seq.* prohibits employers from terminating an employee, or otherwise subjecting employee to adverse employment actions, because of the employee's age over 40.

45. Defendant's termination of Plaintiff due to his age is a violation of that public policy and, therefore, Defendant wrongfully discharged Plaintiff.

46. Defendant's treatment of Plaintiff including the termination of Plaintiff due to his age caused Plaintiff's injuries including but not limited to losses in wages, salary and benefits and great emotional distress, mental pain, suffering, stress, grief, worry and mental anguish.

47. Defendant's termination of Plaintiff was willful, intentional and in reckless disregard for Plaintiff legally protected rights.

48. Therefore, Plaintiff sues Defendant for wrongful discharge in violation of public policy.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that:

A. The Court enter a judgment in favor of Plaintiff and against Defendant to include compensation for lost wages, lost benefits, and other economic losses that were proximately caused by the discriminatory and/or unlawful actions referenced herein;

6

B. The Court enter a judgment in favor of Plaintiff and against Defendant pursuant to the FMLA and ADEA for liquidated damages;

C. The Court enter an award in favor of Plaintiff and against Defendant Pursuant to the ADEA and FMLA for reasonable expenses and costs including attorney's fees;

D. The Court, pursuant to North Carolina statute N.C.G.S. 143-422.1 et. seq., enter a judgment in favor of Plaintiff and against Defendant for punitive damages caused by its intentional, willful, wonton, and reckless actions in its Wrongful Discharge of Plaintiff;

E. The Court, pursuant to North Carolina statute N.C.G.S. 143-422.1 et. seq., enter a judgment in favor of Plaintiff and against Defendant for the great emotional distress, mental pain, suffering, stress, grief, worry and mental anguish caused by Defendant's Wrongful Discharge of Plaintiff ;

F. This matter be tried by a jury;

G. The judgment bear interest at the legal rate from the date of filing this action until paid;

H. Defendant be taxed with the costs of this action; and

I. The Court order such other and further relief as it may deem just and proper.

Respectfully submitted this the 9th day of March, 2015.

/s/ KIRK J. ANGEL
Kirk J. Angel, Bar Number: 33559
Attorney for Plaintiff
THE ANGEL LAW FIRM, PLLC
109 Church Street N
Concord NC 28025
PO Box 1296 (28026)
Telephone: 704.706.9292
Facsimile: 704.973.7859
E-mail: kirk@theangellawfirm.com