**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:15-CV-037-RLV-DCK**

| | |
|---|---|
| TIMOTHY SHELL, ) | |
| ) | |
| **Plaintiff** ) | |
| , ) | |
| v. ) | **CONSENT PROTECTIVE ORDER** |
| ) | |
| TYSON FOODS, INC., ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

The parties to this action, through their respective undersigned attorneys, hereby stipulate and agree that certain information, documents, and other discovery information provided or disclosed by the parties and by other persons or entities may contain confidential proprietary business or financial information regarding the defendant, personnel information on individual parties or non-parties, and private medical, financial, and personal information regarding the plaintiff.

**THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND ORDERED** that pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following confidentiality provisions shall govern all information and documents disclosed in discovery in this action:

1. The parties' discovery will entail production of confidential documents and materials, including the following:

    a. Defendant's personnel information regarding Plaintiff and potentially other current or former non-party employees. Such information may contain sensitive personal identification information, dependent and/or spouse or family information, tax withholding documents, insurance and retirement plan enrollment information, and similar documents.

b. Confidential reports or information that non-party employees may have provided to Defendant, with an expectation that Defendant would not disclose the employees' identities and/or the information that the employees provided.

c. Health records, medical records, and other documents or materials containing personal health information about Plaintiff.

d. Documents containing Defendant's confidential proprietary, financial, and business information.

e. Documents, records, or other information that provide names, addresses, telephone numbers, employment dates, job titles, compensation, disciplinary action information, or other details about Defendant's current or former employees.

2. The parties stipulate, and the Court finds, that documents and information like that described in paragraph 1 should be protected from unreasonable disclosure pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

3. Any party, in good faith, may designate information like that described in paragraph 1 above (and in the related subparagraphs) as "CONFIDENTIAL," and subject to the protections in this Order, regardless of who produced or provided the information. Information designated as "CONFIDENTIAL" shall be used solely for purposes of prosecuting or defending this litigation and shall not be disclosed except as provided herein.

4. Documents and other information designated "CONFIDENTIAL" may be used or disclosed in the course of this action, as follows:

a. Materials and information designated as "CONFIDENTIAL" may be disclosed to the Court (including court reporters, stenographic reporters and videographers, and court personnel) as necessary to support any claim or defense; however, counsel should redact any

irrelevant confidential material where that can be done without making the document more difficult to understand or obscuring the context. Such redactions especially should be made when removing irrelevant confidential material will avoid the need to seal the document from public view. Even if marked as "CONFIDENTIAL," documents and other information in the Court's record will become part of the public record, unless filed under seal and, for cause shown, allowed to remain sealed by the Court under this Order and applicable law.

      b.      The parties' counsel, and other attorneys or staff personnel in their respective firms (collectively referred to as "the parties' counsel"), and Defendant's internal legal counsel, may review all documents and information marked "CONFIDENTIAL" provided by the opposing party, but shall not make any other disclosures of that information, except as allowed by this Order.

      c.      The respective parties, including Defendant's managers and executives who are involved in this litigation, may review "CONFIDENTIAL" documents and information, provided that such disclosures shall be limited to a "need to know" basis in regards to prosecuting or defending this litigation. Before making such disclosures, counsel shall inform the person to whom the disclosure is being made that he/she may not disclose the information to any other person or entity other than as permitted by this Order.

      d.      Documents and information deemed "Confidential" under this Order may be disclosed to experts (including consulting experts and attorneys) and their staff, and litigation support personnel and their staff, who have been retained by the party's counsel in this litigation. Such disclosures shall be limited to what is required for the expert or consultant to provide the services in regards to this action for which the expert or consultant has been retained. In addition, each person to whom disclosure will be made for this purpose must sign a Nondisclosure

Agreement in the form of Exhibit A hereto, which shall be maintained by the party retaining such expert or consultant; and

   e. If a party desires to disclose any Confidential Information to any person not described in the above subsections of paragraph 4 of this Order, counsel for the party desiring such disclosure Party shall inform the other parties' counsel in writing about the desired disclosure at least ten (10) days before such disclosure will be made (or within such other time as agreed by the parties in writing). If the parties cannot agree on whether the additional disclosure should be allowed, the party or parties objecting to further disclosure shall notify the requesting party in writing about its/their objection to the requested disclosure and submit the dispute to the Court by motion for a protective order within ten (10) days of giving such notice. No additional disclosure like that requested then shall be made until either the time for submitting the dispute to the Court has expired without any action being taken, or, if timely submitted to the Court, until the Court has ruled on such motion.

  5. Nothing in this Order shall be taken as a non-producing party's consent that designated information is in fact "CONFIDENTIAL" or otherwise entitled to protection under Rule 26 of the Federal Rules of Civil Procedure. Any party may at any time prior to trial seek an order from the Court determining that information designated as "CONFIDENTIAL is not entitled to the protections provided by this Order, or that the information may be disclosed to persons other than those named in this Order. Similarly, nothing herein precludes a party from asking the Court to extend the protection under this Order to information that a producing party has failed, or has refused, to designate as either "CONFIDENTIAL." These actions shall be taken by motion. If a motion is filed under this paragraph, the information in question shall continue to be treated by all parties as "CONFIDENTIAL" information, and all provisions of this Order shall be adhered to with respect to the same, until such time as the Court determines whether such protection(s) are

warranted.

6. Nothing in this Order shall preclude any party from applying to this Court for relief from any provision hereof or from asserting that certain discovery materials should receive greater confidentiality protection than that provided herein. Each party expressly reserves the right to assert that certain information is so highly confidential that it should not to be subject to disclosure under any circumstances.

7. Documents and other materials or information will be protected as "CONFIDENTIAL" information if the producing party or subject party places or affixes, or causes to be placed or affixed on such document a "CONFIDENTIAL" stamp or equivalent label. In lieu of placing a stamp or equivalent label, the parties may also designate "CONFIDENTIAL" documents by "Bates stamp number" or other identifying number when exchanged in this matter during the course of discovery or otherwise. Testimony given at a deposition or hearing, and exhibits tendered in a deposition may be designated "CONFIDENTIAL" either by stating the designation on the record, or by notifying the deposing party in writing within twenty-one (21) days of the receipt of the transcript of those pages and lines, and/or those exhibits, that are "CONFIDENTIAL." Any designation that is inadvertently omitted from a document or testimony may be corrected by written notification to the other parties' counsel, but any disclosure prior to such notification cannot be challenged or asserted as a violation of this Order.

8. All information designated "CONFIDENTIAL" shall be maintained under the control of the parties' counsel of record. Such counsel shall be responsible for preventing any disclosure thereof except in accordance with the terms of this Order.

9. Before filing any information that has been designated "CONFIDENTIAL" with the Court, or any pleadings, motions, or other papers that disclose any such information, counsel

shall consult and follow the procedures set out in this paragraph.

Each time a party seeks to file under seal confidential documents, things, and/or other information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

When a party seeks to file confidential documents, things, and/or information, including confidential portions of any transcript, a party shall submit such materials to the court in a sealed envelope or other appropriately sealed container, which covering shall be endorsed with the title of this action and a statement substantially in the following form: "Filed Under Seal Pursuant to Protective Order."

Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring to have particular information filed under seal does not timely file a Motion to Seal in accordance with this paragraph, the sealed materials submitted to the Court will be deemed unsealed and made a part of the public record, without any need for the Court to enter a formal ruling.

10. Information produced by non-parties during the course of this action may be

designated under this Order by such non-party as "CONFIDENTIAL" by following the procedures set forth herein. All such information shall thereafter be treated by the parties in the same manner as if produced with such designation by a party. A producing non-party shall have all the rights of a producing party with respect to protection of information under the terms of this Order. The provisions of this Order for challenging the designation by a party are applicable to challenges to designations by non-parties.

11. Any violation of any term of this Order or of an executed Nondisclosure Agreement shall be punishable as contempt of court. Any person or entity that is affiliated with either party that produces "CONFIDENTIAL" information in response to a discovery request or subpoena in this action shall be a third-party beneficiary of this Order and the Nondisclosure Agreements executed under this Order, and may pursue all remedies available for breach thereof. No provision of this Order shall be deemed to require any person or entity not a party to this action to respond to any discovery request or subpoena, except as may otherwise be required by law.

12. Nothing in this Order shall prevent or prohibit any party or non-party from seeking such additional or further protection as it deems necessary to protect documents or information that is requested during discovery in this action.

13. Nothing in this Order shall prevent or restrict any person from using or disclosing in any manner its own "CONFIDENTIAL" information that it has produced or disclosed in this litigation.

14. Nothing in this Order shall prevent disclosure beyond the terms of this Order of any "CONFIDENTIAL" information if the parties to this action and, if applicable, the non-party from which the material originated, or about whom it concerns, consents, or if the Court, on motion filed by the party seeking to make disclosure, orders that such additional disclosure is permitted.

15. Nothing herein and no action taken under this Order shall constitute a waiver or admission that any specific document, material, testimony or thing: (a) is relevant and subject to discovery; (b) is or is not confidential business, personnel or personal information; or (c) is or is not admissible in evidence at trial or at any hearing. The production of any documents or information that the producing party claims to be privileged shall be governed by the facts and applicable law.

16. The restrictions set forth in any of the preceding paragraphs of this Order shall not apply to information that was, is, or becomes public knowledge not in violation of this Order.

17. The provisions of this Order do not apply to documents introduced into evidence or testimony given during the actual trial of this matter, and such documents may be introduced into evidence at trial with the designation required by paragraph 8 above removed, provided that the party offering the documents has first given notice in the Final Pretrial Order that it intends to offer the document into evidence at trial. To the extent that a party believes a document should continue to be subject to protection at trial for reasons of confidentiality, that party shall file a proper motion requesting appropriate protections. The Court shall address any such motion and rule on it separate and apart from the terms set forth in this Order.

18. This Order shall continue in full force and effect after the termination of this litigation, including all appeals, and the Court shall retain jurisdiction necessary to enforce the terms of this Order. However, this Order shall be subject to revocation or modification by order of the Court upon written stipulation of the parties, or upon motion and reasonable notice, including opportunity for a hearing and presentation of evidence should the Court so decide.

19. Within sixty (60) days following the final termination of this case and any related appeals, each party's counsel shall collect all copies of "CONFIDENTIAL" information and

documents that the party received during this action, including any copies, extracts or summaries thereof, all documents containing or derived from information designated as "CONFIDENTIAL" and all copies in the possession or control of said party's employees, agents, representatives and experts. These materials shall be stored in a manner that protects them from any disclosure that would be inconsistent with the restrictions stated in this Order. After three (3) years following the termination of this litigation and any related appeals, each party's counsel shall, at the written request of the party which produced any confidential information, return the party's copies of "CONFIDENTIAL" information or documents to counsel for the requesting party, or, if requested, destroy those copies; provided only that the counsel for the party possessing that information may retain any copies of confidential material or information that includes that counsel's litigation work product or evidence of privileged communications. Those copies shall continue to be maintained in confidence consistent with the restrictions of this Order. Upon complying with a request to return confidential documents and information that a party received during this action, that party's counsel shall certify in writing to the counsel for the requesting party that he/she has returned all copies, abstracts, and summaries of such information and documents in the possession or control of his/her client and any retained experts or consultants, if applicable, or, if requested, that all such copies, abstracts and summaries have been destroyed, excepting only the litigation work product of said client and the client's counsel and documents containing privileged communications. The parties should agree to reasonable extensions of time to complete the return or destruction of the "CONFIDENTIAL" information, if necessary.

20. Each person who receives "CONFIDENTIAL INFORMATION" submits himself or herself to the personal jurisdiction of the Court, wherever he or she shall be, for purposes of the enforcement of this Order.

21. The parties agree to submit this Order for entry by the Court and to be bound by its terms prior to entry by the Court.

22. Pursuant to paragraph F of this Court's Pretrial Order and Case Management Plan (D.E. 7), the ultimate disposition of protected materials is subject to a final order of the court on the completion of litigation.

23. The parties, through counsel, have consented to the entry and terms of this Order.

Signed: October 8, 2015

David C. Keesler
United States Magistrate Judge

We consent:

| For the Defendant | For the Plaintiff |
|---|---|
| /s/ Kevin J. Dalton | /s/ Kirk J. Angel |
| Kevin J. Dalton | Kirk J. Angel |
| N.C. Bar No. 24197 | N.C. Bar No. 33559 |
| FISHER & PHILLIPS, LLP | THE ANGEL LAW FIRM, PLLC |
| 227 West Trade Street, Suite 2020 | P.O. Box 1296 |
| Charlotte, NC 28202 | Concord, NC 28025 |
| Telephone: 704.334.4565 | Telephone: 704.262.6903 |
| Facsimile: 704.334.9774 | Facsimile: 704.973.7859 |
| Email: kdalton@laborlawyers.com | Email: kirk@theangellawfirm.com |
| *Counsel for Defendant* | *Counsel for Plaintiff* |

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:15-CV-00037-RLV-DCK**

| | |
|---|---|
| **TIMOTHY SHELL,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **TYSON FOODS, INC.,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

## EXHIBIT A

## TO

## CONSENT PROTECTIVE ORDER

Nondisclosure Agreement

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:15-CV-00037-RLV-DCK

| | |
|---|---|
| **TIMOTHY SHELL,** | ) |
| Plaintiff, | ) |
| v. | ) |
| **TYSON FOODS, INC.,** | ) |
| Defendant. | ) |

## CONSENT PROTECTIVE ORDER NONDISCLOSURE AGREEMENT

The undersigned has read and understands the terms of the Consent Protective Order entered in this case, and agrees to abide by the terms of that Consent Protective Order. The undersigned agrees that, if any information is communicated to the undersigned marked "CONFIDENTIAL," the undersigned will only disclose such information to the extent allowed by the terms of the Consent Protective Order. The undersigned hereby acknowledges that she/he is subject to the jurisdiction of the United States District Court for the Western District of North Carolina with regard to this Protective Order and that the jurisdiction of the Court regarding that Order survives any settlement, discontinuance, dismissal, judgment, or other disposition of this action and that violations of this Agreement may be punishable as contempt.

_____  _____
Name (Please print or type)             Date

_____  _____
Signature                               Position or Capacity in regards to this litigation
                                        (e.g., Attorney's staff, Expert Witness)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**CIVIL ACTION NO. 5:15-CV-037-RLV-DCK**

| | |
|---|---|
| TIMOTHY SHELL, | ) |
| | ) |
|        **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| TYSON FOODS, INC., | ) |
| | ) |
|        **Defendant.** | ) |
|   | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2015, I electronically filed the foregoing Consent Protective Order with the Clerk of Court using the CM/ECF system which will send notice of such filing to Plaintiff's counsel, Kirk J. Angel, at kirk@theangellawfirm.com and Clay White, at clay@theangellawfirm.com.

                                                     Respectfully submitted,

                                                     /s/Kevin J. Dalton
                                                     NC State Bar No. 24197
                                                     Attorney for Defendant
                                                     Fisher & Phillips LLP
                                                     227 West Trade Street, Suite 2020
                                                     Charlotte, North Carolina  28202
                                                     Telephone:  (704) 334-4565
                                                     Fax:  (704) 334-9774
                                                     E-mail:  kdalton@laborlawyers.com